**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

| | |
|---|---|
| IN RE LUMBER LIQUIDATORS HOLDINGS, INC. SECURITIES LITIGATION | Master File No.: 4:13-cv-00157-AWA-DEM<br>Hon. Arenda L. Wright Allen<br><br>**CLASS ACTION** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS'
MOTION FOR PARTIAL MODIFICATION OF THE PSLRA DISCOVERY STAY**

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I.  INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ................................................................................................................ 2

    A.  Courts Regularly Find That The PSLRA Discovery Stay Should Be Modified To Provide Access To Materials Already Produced To Government Regulators And Civil Litigants ....................................................... 2

    B.  Lead Plaintiffs And The Class Would Suffer Undue Prejudice Absent Modification Of The PSLRA Discovery Stay ........................................... 5

    C.  The Requested Discovery Is Sufficiently Particularized ....................................... 9

    D.  The Goals Of The PSLRA Discovery Stay Are Satisfied ................................... 12

III. CONCLUSION ........................................................................................................... 13

# **TABLE OF AUTHORITIES**

Case Page

*380544 Canada, Inc. v. Aspen Tech., Inc.*,
 2007 WL 2049738 (S.D.N.Y. July 18, 2007) ..................................................................8

*In re Am. Funds Sec. Litig.*,
 493 F. Supp. 2d 1103 (C.D. Cal. 2007) ...........................................................................4

*In re Bank of Am. Corp. Sec., Derivative, and Emp't Ret. Income Sec. Act
 (ERISA) Litig.*,
 2009 WL 4796169 (S.D.N.Y. Nov. 16, 2009) ................................................. 3, 5, 6, 12

*Brigham v. Royal Bank of Canada*,
 2009 WL 935684 (S.D.N.Y. Apr. 7, 2009) ......................................................................6

*In re Carnegie Int'l Corp. Sec. Litig.*,
 107 F. Supp. 2d 676 (D. Md. 2000) ............................................................................ 4, 10

*In re Countrywide Fin. Corp. Derivative Litig.*,
 542 F. Supp. 2d 1160 (C.D. Cal. 2008) .........................................................................11

*In re Delphi Corp. Sec., Derivative and ERISA Litig.*,
 2007 WL 518626 (E.D. Mich. Feb. 15, 2007) ................................................................8

*In re Fannie Mae Sec. Litig.*,
 362 F. Supp. 2d 37 (D.D.C. 2005) ............................................................................ 9, 11

*In re FirstEnergy Corp. Sec. Litig.*,
 229 F.R.D. 541 (N.D. Ohio 2004) ........................................................................ 4, 9, 12

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
 674 F. Supp. 2d 483 (S.D.N.Y. 2009) .............................................................................8

*In re LaBranche Sec. Litig.*,
 333 F. Supp. 2d 178 (S.D.N.Y. 2004) .................................................................... 3, 5, 8

*In re Lantronix, Inc. Sec. Litig.*,
 2003 WL 22462393 (C.D. Cal. Sept. 26, 2003) ..............................................................7

*In re Massey Energy Co. Sec. Litig.*,
 2011 WL 4528509 (S.D. W.Va. Sept. 28, 2011) ..................................................... *passim*

*In re Metro. Sec. Litig.*,
 2005 WL 940898 (E.D. Wash. Mar. 31, 2005) ...............................................................4

*Mishkin v. Ageloff*,
   220 B.R. 784 (S.D.N.Y. 1998) ............................................................................................. 10

*Mori v. Saito*,
   802 F. Supp. 2d 520 (S.D.N.Y. 2011) ......................................................................... 8, 10, 11

*In re Mut. Funds Inv. Litig.*,
   2005 WL 549534 (D. Md. Mar. 7, 2005) ............................................................................ 2, 5

*N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*,
   2015 WL 1565462 (E.D. Mich. Apr. 8, 2015) .................................................................. 3, 8, 9

*Pension Trust Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*,
   943 F. Supp. 2d 913 (E.D. Wis. 2013) .............................................................................. 3, 6, 9

*Ross v. Abercrombie & Fitch Co.*,
   2006 WL 2869588 (S.D. Ohio Oct. 5, 2006) ...................................................................... 4, 5

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
   220 F.R.D. 246 (D. Md. 2004) ........................................................................................ passim

*Seippel v. Sidley, Austin, Brown & Wood LLP*,
   2005 WL 388561 (S.D.N.Y. Feb. 17, 2005) ............................................................................ 3

*Singer v. Nicor, Inc.*,
   2003 WL 22013905 (N.D. Ill. Apr. 23, 2003) ..................................................................... 4, 6

*Sisk v. Guidant Corp.*,
   2007 WL 1035090 (S.D. Ind. Mar. 30, 2007) ......................................................................... 8

*In re Spectranetics Corp. Sec. Litig.*,
   2009 WL 3346611 (D. Colo. Oct. 14, 2009) ........................................................................ 10

*In re Sunrise Senior Living, Inc. Derivative Litig.*,
   584 F. Supp. 2d 14 (D.D.C. 2008) ........................................................................................... 5

*Waldman v. Wachovia Corp.*,
   2009 WL 86763 (S.D.N.Y. Jan. 12, 2009) .............................................................................. 9

*In re WorldCom, Inc. Sec. Litig.*,
   234 F. Supp. 2d 301 (S.D.N.Y. 2002) .............................................................................. passim

**STATUTES, RULES & REGULATIONS**

15 U.S.C. § 78u-4(b)(3)(B) ............................................................................................. 2, 6, 7, 11

Federal Rules of Civil Procedure
   Rule 26(b) .............................................................................................................................. 10

Lead Plaintiffs respectfully submit this reply memorandum in further support of their motion for a limited modification of the PSLRA discovery stay.

## I.     INTRODUCTION

Lead Plaintiffs' Opening Brief ("Pl. Br.") established that Lumber Liquidators has already collected and produced to regulators and other civil litigants discrete sets of documents that are highly relevant to this action. There is no valid reason to withhold such materials from Lead Plaintiffs in this case at this time. The production of such documents imposes no burden on Lumber Liquidators. And, the production will expedite these proceedings and ensure that Lead Plaintiffs and the Class suffer no further prejudice as the only litigants without current access to important documents.

Defendants incorrectly contend that the PSLRA stay is modified only when the motion fits Defendants' narrow criteria of "exceptional circumstances" (*e.g.,* bankruptcy, court-ordered settlement negotiations, or document destruction). Not so. Numerous courts in this Circuit and elsewhere have lifted the discovery stay under the precise circumstances here – namely, where "a defendant in a securities action, which is stayed because the defendant filed a motion to dismiss, is also involved in criminal, civil and administrative investigations and actions which are proceeding unabated with the possibility that settlements might occur and/or fines and penalties might be imposed." *In re Massey Energy Co. Sec. Litig.*, 2011 WL 4528509, at *6 (S.D. W.Va. Sept. 28, 2011) ("*Massey*") (lifting of the PSLRA discovery stay to prevent undue prejudice to the securities litigation plaintiffs resulting from their not having the information which parties in other proceedings had so that they could develop their litigation strategy and weigh their options).

Defendants also incorrectly argue that the requested discovery is not sufficiently particularized because it is theoretically "possible" that previously-produced documents could be irrelevant to this litigation. But Defendants fail to identify any actual disconnect between the documents produced in the other proceedings and the subject matter of this case. To the contrary, the documents requested here are the same as those courts have routinely found sufficiently particularized under the PSLRA. Accordingly, this Court should grant Lead Plaintiffs' motion.

II. **ARGUMENT**

As discussed below, Lead Plaintiffs' request to partially modify the PSLRA discovery stay in this action is consistent with the law in this Circuit and elsewhere. Courts regularly modify discovery stays to provide litigants with access to materials already produced by defendants to governmental regulators, such as the SEC and DOJ, and private litigants. Modifying the PSLRA stay under such circumstances is warranted here because the discovery sought is: (1) necessary to prevent undue prejudice and (2) particularized. *See Massey*, 2011 WL 4528509, at *4 (quoting 15 U.S.C. § 78u-4(b)(3)(B)). Moreover, the limited modification of the stay requested in this case is consistent with the goals of the PSLRA, which is intended to root out "fishing expeditions" – not legitimate securities actions supported by myriad sources and involving admitted violations of federal law.

    A.    **Courts Regularly Find That The PSLRA Discovery Stay Should Be Modified To Provide Access To Materials Already Produced To Government Regulators And Civil Litigants**

Courts in the Fourth Circuit and elsewhere have repeatedly modified the PSLRA discovery stay under the exact circumstances here and required corporate defendants to reproduce to securities plaintiffs the materials already produced to other civil litigants and government agencies. For example, in *Massey*, a district court in this Circuit lifted the PSLRA discovery stay and required the production of documents in parallel government investigations and other civil proceedings to avoid undue prejudice. 2011 WL 4528509, at *4. Likewise, in *In re Mutual Funds Inv. Litig.* ("*Mutual Funds*"), the Court lifted the PSLRA discovery stay and required defendants to produce documents previously produced to regulators, noting that denying plaintiffs access to the requested documents would prejudice them because of their resulting "inability to make informed decisions" about their litigation strategy in a "rapidly shifting landscape." 2005 WL 549534, at *1 (D. Md. Mar. 7, 2005). As a final example, in *In re Royal Ahold N.V. Sec. & ERISA Litig.* ("*Royal Ahold*"), the Court lifted the stay as to documents given to government and private litigants concluding that the most compelling reason for allowing the discovery was "the risk of

2

undue prejudice to the lead securities plaintiffs." 220 F.R.D. 246, 251 (D. Md. 2004). Tellingly, in their Opposition Brief ("Opp. Br."), Defendants do not cite a single decision from any court in the Fourth Circuit that supports their contention that partially lifting the discovery stay is not warranted under these circumstances.

Courts in the Second Circuit, where a significant number of securities fraud cases have been filed since the passage of the PSLRA, have also routinely lifted the discovery stay where securities plaintiffs have demonstrated undue prejudice resulting from parallel proceedings. Contrary to Defendants' assertion, the vast majority of these cases did not require a "showing that there are circumstances such as bankruptcy, multi-lateral court-ordered settlement negotiations, or document destruction." Opp. Br. at 3. Rather, the discovery stays were lifted in these actions to allow for the production of documents in parallel proceedings to avoid undue prejudice to securities plaintiffs who otherwise would "fall substantially behind the SEC and other government actions." *In re Bank of Am. Corp. Sec., Derivative, & Emp't Ret. Income Sec. Act (ERISA) Litig.*, 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009) ("*Bank of America*"); *see also, e.g.*, *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 184 (S.D.N.Y. 2004) (stay lifted for documents produced in connection with SEC and NYSE investigations due to undue prejudice posed by the parallel investigations); *Seippel v. Sidley, Austin, Brown & Wood LLP*, 2005 WL 388561, at *2 (S.D.N.Y. Feb. 17, 2005) (plaintiffs "will be prejudiced if they lack access to documents which have been produced to [the government and other plaintiffs]").

Finally, numerous courts outside the Fourth and Second Circuits have lifted the discovery stay due to undue prejudice caused by parallel proceedings, regardless of any showing of bankruptcy, court-ordered settlement negotiations, or document destruction. *See, e.g., N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*, 2015 WL 1565462 (E.D. Mich. Apr. 8, 2015) ("*General Motors*") (stay lifted due to risk of undue prejudice posed by ongoing, parallel investigations and litigation)*; Pension Trust Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 915 (E.D. Wis. 2013) ("*Assisted Living*") (stay lifted as to documents disclosed by

3

the defendants to the SEC and in separate adversarial proceedings to avoid undue prejudice to plaintiffs).[1]

As noted above, Defendants' Opposition does not identify a single decision from any court within this Circuit denying a motion to modify the PSLRA discovery stay under these circumstances.[2] Meanwhile, Defendants' out-of-circuit authority is unpersuasive. For example, Defendants cite to *In re American Funds Sec. Litig.*, which did not involve a request for discovery produced in parallel and related proceedings. 493 F. Supp. 2d 1103 (C.D. Cal. 2007). The *American Funds* court refused to lift the stay because the plaintiffs there had not yet filed an amended complaint and sought discovery for use in drafting one. *Id.* at 1104, 1106-07. That is not the case here, as Lead Plaintiffs filed a well-pled complaint over seven months ago and opposed Defendants' motions to dismiss without the benefit of any discovery.

Moreover, multiple cases cited by Defendants actually support Lead Plaintiffs' motion. In *Ross v. Abercrombie & Fitch Co.*, the court acknowledged that it is appropriate to modify the PSLRA stay where, as in this case, there is "a quickly-shifting landscape where numerous governmental and private parties are pursuing administrative or litigated remedies against the defendant even to the point of settlement, leaving the private class action plaintiffs as the only

---

[1] *See also In re Metro. Sec. Litig.*, 2005 WL 940898, at *4 (E.D. Wash. Mar. 31, 2005) (lifting stay to obtain materials collected and produced to the SEC and DOJ to avoid undue prejudice); *In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004) (stay lifted for documents previously produced to regulators to prevent undue prejudice); *Singer v. Nicor, Inc.*, 2003 WL 22013905, at *2 (N.D. Ill. Apr. 23, 2003) (lifting of stay for documents that company produced to various state entities and the SEC in connection with the agencies' investigations of the company due to risk of undue prejudice posed by the parallel investigations).

[2] Defendants' reliance on *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676 (D. Md. 2000), is misplaced because that case did not involve parallel litigation or a government investigation. Moreover, defendants sought "virtually every piece of paper and every piece of information at [the nonparty] relating to *no less than seventy-seven separate individuals and entities*" as well as deposition testimony on 32 subjects. *See* 107 F. Supp. 2d at 684. The court determined that the requested discovery was nothing more than a fishing expedition by both plaintiffs and defendants to obtain evidence to form a case against the nonparty. *Id.* at 680. As explained further herein, the other two cases cited by Defendants from the Fourth Circuit, *Massey* and *Royal Ahold*, both support Lead Plaintiffs' request to partially lift the stay.

4

parties who lacked sufficient access to information to protect their own interests." 2006 WL 2869588 at *3 (S.D. Ohio Oct. 5, 2006). Similarly, in *In re Sunrise Senior Living, Inc. Derivative Litig.*, the court recognized that several courts have found undue prejudice where, as here, the defendant is a simultaneous target of numerous civil and criminal actions that are not subject to the stay. 584 F. Supp. 2d 14, 18 (D.D.C. 2008).

### B. Lead Plaintiffs And The Class Would Suffer Undue Prejudice Absent Modification Of The PSLRA Discovery Stay

Plaintiffs satisfy the requirement of "undue prejudice" under the PSLRA when they show that defendants have already collected and produced in ongoing, parallel investigations and litigations, documents that are relevant to the securities action. In such circumstances, as the *Mutual Funds* court explained, "denying plaintiffs access to the documents would prejudice them because of their resulting 'inability to make informed decisions about ... [their] litigation strategy in a rapidly shifting landscape.'" 2005 WL 549534, at *1 (quoting *In re WorldCom Sec. Litig.*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002)); *Bank of America*, 2009 WL 4796169, at *2 ("Courts have found undue prejudice when plaintiffs would be unable to make informed decisions about their litigation strategy in a rapidly shifting landscape because they are the only major interested party without documents forming the core of their proceedings.").

The *Massey* court's decision is instructive on this point. There, the court modified the PSLRA discovery stay "to prevent undue prejudice when a defendant in a securities action, which is stayed because the defendant filed a motion to dismiss, is also involved in criminal, civil and administrative investigations and actions which are proceeding unabated with the possibility that settlements might occur and/or fines and penalties might be imposed." *Massey*, 2011 WL 4528509, at *6 (citing *LaBranche*, 333 F. Supp. 2d at 183-184; *WorldCom*, 234 F. Supp. 2d at 305; and *Royal Ahold*, 220 F.R.D. at 251–52). As the *Massey* court explained, "[i]t appears that Courts view these circumstances as unfair and allow the lifting of the statutory discovery stay to prevent undue prejudice to the securities litigation plaintiffs resulting from their not having the information which parties in other proceedings have so that they can develop their litigation

5

strategy and weigh their options." 2011 WL 4528509, at *6. The *Massey* court found such circumstances "present a substantial risk of undue prejudice" and concluded that "the stay of discovery should be lifted to allow the particularized discovery." *Id.* at *6-7.

Ignoring the actual language of the PSLRA and the litany of cases to the contrary, Defendants assert *ipse dixit* that undue prejudice exists only when there are "exceptional" or "unique" circumstances "such as bankruptcy, multi-lateral court-ordered settlement negotiations, or document destruction." Opp. Br. at 3. The PSLRA, however, does not mention "exceptional circumstances" and expressly states that a court may modify the stay "upon the motion of any party that particularized discovery is necessary to preserve evidence *or* to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Thus, Lead Plaintiffs need only show "undue prejudice," and courts correctly find that standard met under the circumstances here. *See, e.g.*, *Singer*, 2003 WL 22013905, at *2 ("[E]ven if Nicor is not bankrupt, the concerns expressed by the *Enron* and *WorldCom* courts are valid and present" since "Plaintiffs here may well be unfairly disadvantaged if they do not have access to the documents that the governmental and other agencies already have… "). Indeed, courts have repeatedly rejected attempts by litigants to impose a requirement that "something more" is required beyond a showing of undue prejudice to modify the PSLRA discovery stay. *See, e.g.*, *Bank of America*, 2009 WL 4796169, at *2 (rejecting argument that "something more" is needed beyond showing undue prejudice).[3]

---

[3] Even if the existence of "exceptional circumstances" were the standard, which it is not, the Lead Plaintiffs here have clearly met that heightened standard. For example, the Southern District of West Virginia held that where the defendants filed a motion to dismiss which automatically stayed the matter, "while at the same time criminal, civil and administrative investigations and actions have proceeded" and defendants produced documents to those entities, these events constituted "extraordinary circumstances," which presented a "substantial risk of undue prejudice" and warranted lifting the PSLRA discovery stay. *See Massey* 2011 WL 4528509, at *6; *see also Assisted Living*, 943 F. Supp. 2d at 915 (held that where a defendant has gathered the discovery sought by the plaintiff at the time of production (as is the case here), "exceptional circumstances exist, moving th[e] case outside the intended ambit of the PSLRA discovery stay."); *see also Brigham v. Royal Bank of Canada*, 2009 WL 935684, at *2 (S.D.N.Y. Apr. 7, 2009) (acknowledging that "[s]everal courts have lifted the discovery stay under exceptional

6

Defendants also misstate the holding in *Royal Ahold* when they contend that the "primary reason" that the court lifted the PSLRA stay was to "preserve evidence" and not because of "undue prejudice" to the plaintiffs. Opp. Br. at 10. As the text of the PSLRA makes clear, the PSLRA automatic stay should be lifted under two circumstances: when particularized discovery is necessary to preserve evidence **or** prevent undue prejudice. 15 U.S.C. § 78u-4(b)(3)(B). In *Royal Ahold*, the Court expressly stated that the primary reason for lifting the stay was to prevent "undue prejudice" to the securities plaintiffs: "The most compelling reason for allowing the discovery, however, is the risk of undue prejudice to the lead securities plaintiffs." 220 F.R.D. at 251-52. As the Court further explained, "[w]ithout access to key documents that have already been produced to government investigators and that soon will be produced to the ERISA plaintiffs, the securities plaintiffs could suffer a severe disadvantage in formulating their litigation and settlement strategy – particularly if the parties proceed quickly to settlement negotiations, as the court has urged them to do."[4] The same is true here.[5]

---

circumstances, such as where a . . . plaintiff may be left at a disadvantage because other actions involving the defendant are moving ahead with discovery.").

[4] *Id.* at 252. Contrary to Defendants' contention, the *Royal Ahold* court did not refuse to lift the stay with respect to the co-defendant accounting firm because it "was not undergoing any restructuring" and thus did not need to preserve evidence. Opp. Br. at 10. Instead, the court there refused to lift the stay for the accounting firm because "the strength of the securities plaintiffs' case against Royal Ahold's accountants is not as apparent, making it less appropriate to lift the stay in light of the PSLRA's purposes." *Royal Ahold*, 220 F.R.D. at 253. In *Massey*, the court made separate findings concerning the preservation of evidence and undue prejudice, without indicating which finding was the "primary reason" for lifting the PSLRA discovery stay. 2011 WL 4528509, at *5-6.

[5] Defendants' out-of-circuit cases are not to the contrary and are easily distinguishable. *See, e.g., Baldridge v. Sidhu*, No. 3:04-cv-00319, slip op. at 3 (N.D. Tex. Feb. 17, 2005) (denying request to lift stay where the other related actions had all since settled and were not ongoing); *In re Daisytek Int'l Litig.*, No. 4:03-cv-00212, slip op. at 3 (E.D. Tex. Aug. 17, 2004) (denying request to lift stay because "[r]ather than articulating any undue prejudice, Plaintiffs argue simply that the Court should allow the requested discovery because it would not prejudice Defendants"); *In re Lantronix, Inc. Sec. Litig.*, 2003 WL 22462393, at *2 (C.D. Cal. Sept. 26, 2003) (did not involve shifting landscape or risk of plaintiff falling behind other ongoing proceedings).

As discussed in Lead Plaintiffs' motion, the showing of undue prejudice in this case is particularly strong because Lumber Liquidators has recently entered into a settlement with the DOJ, whereby the Company admitted to one felony and four Lacey Act violations and agreed to pay $13.15 million. In evaluating whether a plaintiff has demonstrated undue prejudice if the PSLRA stay is not lifted, courts consider the defendants' settlements with regulators and other plaintiffs. *See General Motors*, 2015 WL 1565462, at *4 (lifting the PSLRA discovery stay where GM had entered into a regulatory settlement for $35 million in connection with its failure to timely report the ignition switch defects); *In re Delphi Corp. Sec., Derivative & ERISA Litig.*, 2007 WL 518626, at *7 (E.D. Mich. Feb. 15, 2007) (lifting stay where "several of the Defendants ... have already consented to substantial money judgments in the SEC case"); *LaBranche*, 333 F. Supp. 2d at 183 (emphasizing LaBranche's agreement to pay more than $63.5 million to settle the SEC's and NYSE's claims when deciding to partially lift the PSLRA stay). As these courts recognize, Lumber Liquidators' production to Lead Plaintiffs now of the same documents that resulted in its settlement with the DOJ would inform the parties in this case and foster its expeditious resolution.

Notably, it was the ***absence*** of any such settlements that led the out-of-circuit courts in the few cases cited by Defendants to deny the plaintiffs' motions to lift the PSLRA stay. *See Kuriakose v. Fed. Home Loan Mortg. Co.*, 674 F. Supp. 2d 483, 489 (S.D.N.Y. 2009) (distinguishing *LaBranche* and *WorldCom* because "there are no criminal or civil governmental or administrative actions pending against any Defendant; there are no settlement discussions with anyone pending or planned ....") (quotation marks and citation omitted); *see also Mori v. Saito*, 802 F. Supp. 2d 520 (S.D.N.Y. 2011) (distinguishing *Royal Ahold* because the defendants were not targets of numerous ongoing civil and criminal government actions and there was no likely settlement with non-PSLRA plaintiffs).[6]

---

[6] Defendants' reliance on *380544 Canada, Inc. v. Aspen Tech., Inc.*, 2007 WL 2049738, at *3 (S.D.N.Y. July 18, 2007), and *Sisk v. Guidant Corp.*, 2007 WL 1035090, at *3 (S.D. Ind. Mar. 30, 2007), is misplaced because in *Aspen* the court emphasized that there was no suggestion that settlement discussions "[were] underway or even imminent," and in *Guidant* the defendants affirmatively stated that "no [settlement] talks are in progress." Similarly, in *In re Petrobras Sec.*

### C.     **The Requested Discovery Is Sufficiently Particularized**

As discussed in Lead Plaintiffs' Opening Brief, Lead Plaintiffs' request that Defendants re-produce the materials that they already produced to the regulators (and are in the process of producing to the Products Liability Litigation plaintiffs) falls squarely within established precedent holding that such a request is "particularized" because it involves a clearly defined universe of documents. *See* Pls. Br. at 7 (citing *Massey*, 2011 WL 4528509, at *4-5; *Royal Ahold*, 220 F.R.D. at 250; *General Motors*, 2015 WL 1565462, at *3 (the discovery sought was "particularized" as it was "limited to materials that have been produced already and which will be produced in the MDL Litigation.").[7]

In response, Defendants primarily argue that the requested discovery is not particularized because it could potentially result in the production of "documents that are irrelevant to the specific claims raised in this case." Opp. Br. at 13. Defendants are incorrect on the facts and law.

*First*, with respect to the facts, it is undisputed that the related government and private matters and this action each arise from the same set of operative facts:

- The Department of Justice Criminal Investigation concerns Lumber Liquidators' importation of illegally harvested timber from Far East Russia between October 2011 and September 2013 in violation of the Lacey Act. *See* Pl. Br. at 4; Declaration of Brett M. Middleton ("Decl.") and Exhibits ("Ex.") B (Statement of Facts to Plea Agreement).

- The CARB Investigation concerns whether Lumber Liquidators' laminate flooring from China exceeds the CARB formaldehyde limits. *See* Pl. Br. at 5; Ex. D at 17-18.

- The Products Liability MDL Litigation involves claims of dangerous formaldehyde emissions from imported Chinese-made laminates. *See* Pl. Br. at 5; Exs. F, G and H.

- The U.S. Attorney's Criminal Investigation and SEC Investigation concern Lumber Liquidators' compliance, *vel non*, with disclosure, financial reporting and trading

---

*Litig.*, No. 14-cv-9662, slip op. at 4 (S.D.N.Y. Apr. 13, 2015), the court denied the request to modify the stay for documents produced to the government because no settlement had occurred.

[7] *See also Waldman v. Wachovia Corp.*, 2009 WL 86763, at *1 (S.D.N.Y. Jan. 12, 2009) ("undisputed" that requested discovery was particularized, as it was "limited to a set of documents already provided to state and federal regulators"); *FirstEnergy*, 229 F.R.D. at 545; *Assisted Living*, 943 F. Supp. 2d at 915; *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005).

9

requirements under the securities laws since 2011. Pl. Br. at 5; Ex. D at 17. The U.S. Attorney's Office issued its first subpoena in March 2015, shortly after the March 1, 2015 *60 Minutes* broadcast demonstrating that Lumber Liquidators was purchasing and selling engineered and laminate flooring manufactured in China that contained and emitted dangerously high and illegal levels of formaldehyde in violation of CARB. ¶¶137-53.

Each of these proceedings concerns the same underlying facts that Lead Plaintiffs assert Defendants concealed from investors during the same time period of 2011 through 2015. *See* Pl. Br. at 3-4, 12-15; ¶¶47-53, 91-157.

Significantly, while Defendants speculate that Lead Plaintiffs' requested discovery could "potentially" result in the production of irrelevant documents (*see* Opp. Br. at 13, 14), they fail to identify any actual disconnect between the documents produced in the related matters and the issues relevant to this litigation (because there is none). The test for relevance is a liberal one, and Lead Plaintiffs are entitled to discovery if their request "appears reasonably calculated to lead to the discovery of admissible evidence" – a standard easily met here.[8]

*Second*, Defendants misstate the law with respect to the meaning of "particularized" under the PSLRA. Defendants attempt to rely on *Mori*, 802 F. Supp. 2d at 523, for the proposition that "[a] request is considered particularized for purposes of the PSLRA when it is directed at specific persons and identifies specific types of evidence that fall within its scope." Opp. Br. at 13. However, *Mori* did not involve a request from the defendant for documents previously produced

---

[8] Fed. R. Civ. P. 26(b). Defendants quote *In re Spectranetics Corp. Sec. Litig.*, out of context for the proposition that courts "generally agree that a request is not particularized when it basically covers everything that would be discoverable in a non-PSLRA case." 2009 WL 3346611, at *2 (D. Colo. Oct. 14, 2009) (Opp. Br. at 15). Defendants fail to note that the court went on to explain "[a] discovery request targeting the same list of documents that has already been produced to governmental authorities is ***more likely to be found 'particularized***.'" *Id*. at *3 (emphasis added). Indeed, the court distinguished cases that involved new sprawling document requests (citing *Mishkin v. Ageloff*, 220 B.R. at 784, and *Carnegie Int'l*, 107 F. Supp. 2d 676) from those, as here, that requested documents previously produced in related litigations and investigations (citing *Royal Ahold*, 220 F.R.D. at 252 and *WorldCom*, 234 F. Supp. 2d at 306, and concluded that plaintiff's request for production of documents produced to the government ***was*** sufficiently particular because the plaintiff alleged that "Defendant 'failed to disclose' a number of activities that allegedly violated federal law and led to the Regulators' investigations." *Spectranetics*, 2009 WL 3346611, at *3.

10

in other investigations or litigations, but rather involved a request to serve third-party subpoenas. Moreover, the court found the request to modify the PSLRA stay in that case was not particularized because the proposed third-party subpoenas did "not provide any information regarding the records sought from these non-parties." *Mori*, 802 F. Supp. 2d. at 524.

Not only is *Mori* easily distinguishable, it also reaffirms the well-accepted standard of "particularized" discovery adopted in *WorldCom* that Defendants ignore in their Opposition. *See Mori*, 802 F. Supp. 2d at 524 (quoting approvingly *WorldCom*, 234 F. Supp. 2d at 306). The *WorldCom* decision, which – similar to here – did involve a request for documents produced in other proceedings, demonstrates the appropriateness of Lead Plaintiffs' request for a limited modification to the PSLRA discovery stay. As the Court explained in that case:

> [Plaintiffs' discovery request] involves a clearly defined universe of documents, specifically certain documents which WorldCom has already produced in connection with other identified proceedings. Where, as here, plaintiffs are not in any sense engaged in a fishing expedition or an abusive strike suit and do not thereby act in contravention of the fundamental rationales underlying the PSLRA discovery stay, and where plaintiffs would be substantially prejudiced by the maintenance of the stay, defendants cannot call upon the ambiguous notion of "particularized" discovery to bend Section 78u-4(b)(3)(B) to a purpose for which it was not intended.

*WorldCom*, 234 F. Supp. 2d at 306.

Defendants' other cases are also easily distinguishable. For example, the court in *Fannie Mae* found plaintiffs' discovery requests not particularized because, unlike here, "plaintiffs' counsel conceded that not all of the documents produced to the various agencies would be relevant to this litigation… " 362 F. Supp. 2d at 39. Similarly, in *In re Countrywide Fin. Corp. Derivative Litig.*, the court found the discovery request not particularized because it went **beyond** requesting documents "produced in parallel proceedings." 542 F. Supp. 2d 1160, 1180-81 (C.D. Cal. 2008).

Finally, Defendants incorrectly argue that it is irrelevant that the re-production of the documents at issue would not impose any burden on them. Opp. Br. at 4-5. As the *Royal Ahold* court explained, the particularity requirement is satisfied where "the motion at issue here describes a 'clearly defined universe of documents,' and the burden of producing the materials should be

11

slight… " 220 F.R.D. at 250. Indeed, "it is *customary* to consider whether a production request places an undue burden on the party from whom it is requested." *WorldCom*, 234 F. Supp. 2d at 306; *see also Bank of America*, 2009 WL 4796169, at *2 (courts should weigh burden on defendants against prejudice to plaintiffs). The lack of any legitimate burden to Defendants here in re-producing the materials produced to the regulators and other litigants weighs heavily in favor of allowing a limited modification to the discovery stay.[9]

### D. The Goals Of The PSLRA Discovery Stay Are Satisfied

As set forth in the Opening Brief, this case does not remotely resemble the "fishing expedition" to support frivolous claims that underpins the policy of the PSLRA stay. *See* Pl. Br. at 9 (citing cases). Ignoring these authorities, Defendants incorrectly contend that the strength of Plaintiffs' case is irrelevant. As the *Royal Ahold* court explained, "the apparent strength of the plaintiffs' case may factor in the court's determination of the necessity of discovery under the PSLRA." 220 F.R.D. at 251. Indeed, "maintaining the discovery stay as to materials already provided to government entities does not further the policies behind the PSLRA." *FirstEnergy*, 229 F.R.D. at 545.

Here, Lead Plaintiffs' Consolidated Amended Complaint (ECF No. 80) (the "Complaint" or "¶__") is well-pled and fully satisfies Fourth Circuit precedent and the pleading requirements of the PSLRA. Since the case commenced, Lumber Liquidators has admitted to criminal charges. The Complaint's fraud allegations – that the Defendants inflated Lumber Liquidators' gross margins through an undisclosed scheme to import less expensive Chinese flooring made from illegally harvested timber and containing dangerous amounts of formaldehyde – are supported by myriad of sources, including: independent laboratory tests (¶¶126-53); documented Lacey Act

---

[9] Lead Plaintiffs' request for documents that Defendants *will produce* in the other proceedings is also particularized because it is simply an application of the principle that a request for documents that have been collected and produced is particularized. *See Royal Ahold*, 220 F.R.D. at 252 (ordering production of "key documents that have already been produced to government investigators and that soon will be produced to the ERISA plaintiffs").

12

Violations (¶¶69-80, 91-119); public admissions of CARB violations (¶¶155-57); eye-witness accounts of named sources (¶¶126-31, 141-42, 148, 151-57, 344-51); public admissions of the Individual Defendants' personal involvement (¶¶54-59, 162-319); suspiciously timed stock sales and resignations; and a plea to a criminal felony and admitted Lacey Act violations. Accordingly, the strength of Lead Plaintiffs' case further supports the modification of the PSLRA discovery stay for the limited discovery requested.

### III. CONCLUSION

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court grant their motion for a limited modification of the PSLRA discovery stay.

Dated: November 30, 2015

Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

*/s/ Elizabeth A. Aniskevich*

Daniel S. Sommers
Elizabeth A. Aniskevich (Va. Bar #81809)
1100 New York Ave. N.W.
Suite 500, East Tower
Washington, DC 20005-3965
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
eaniskevich@cohenmilstein.com

*Liaison Counsel for the Class*

David R. Stickney
Brett M. Middleton
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323
davids@blbglaw.com
brettm@blbglaw.com

        -and-
Gerald H. Silk
Avi Josefson
Scott R. Foglietta
**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Co-Lead Counsel for the Class*

Jeremy A. Lieberman
Michael J. Wernke
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
mjwernke@pomlaw.com
      -and-
Patrick V. Dahlstrom
**POMERANTZ LLP**
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Co-Lead Counsel for the Class*


Susan R. Podolsky (Va. Bar #27891)
**LAW OFFICES OF SUSAN R. PODOLSKY**
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (571) 366-1702
Facsimile: (703) 647-6009
spodolsky@podolskylaw.com

*Additional Counsel for Plaintiffs*

14

**CERTIFICATE OF SERVICE**

      This is to certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing upon Counsel of Record.

This 30th day of November 2015.

                        /s/ *Elizabeth A. Aniskevich*
                        Elizabeth A. Aniskevich
                        Va. Bar No. 81809
                        COHEN MILSTEIN SELLERS & TOLL PLLC
                        1100 New York Ave. N.W.
                        Suite 500, East Tower
                        Washington, DC 20005-3965
                        Telephone: (202) 408-4600
                        Facsimile: (202) 408-4699
                        eaniskevich@cohenmilstein.com